## MARK SHEEHY v. BEN WHIPPS.[1]

June 6, 1913.

Nos. 18,018—(107).

**Costs.**

In determining whether a more favorable recovery was had by plaintiff on his appeal from a justice court judgment in his favor, the costs taxed by the justice are to be excluded from consideration.

[1] Reported in 141 N. W. 811.

From an order of the clerk of the district court for Le Sueur county taxing plaintiff's costs and disbursements at $56.17 and refusing to tax defendant's costs and disbursements, defendant appealed to the court. The appeal was heard by Morrison, J., who vacated the judgment in favor of plaintiff and the order of the clerk allowing plaintiff's costs and disbursements, and reversed the order of the clerk refusing to tax defendant's costs and disbursements, and ordered the clerk to enter judgment against the plaintiff, less the sum of one dollar, the amount of the verdict. From that order and the judgment entered pursuant to that order, plaintiff appealed to this court. Affirmed.

L. W. Prendergast and Thomas Hessian, for appellant.

Charles C. Kolars, for respondent.

PER CURIAM.

This action was commenced in justice court to recover the sum of $31.50. Plaintiff's complaint contained three causes of action; the first for $1.50 for one month's rent of a building; the second, for damage done to plaintiff's wheat stacks by defendant's chickens and turkeys to the amount of $25, and the third, $5, for the wrongful act of defendant in converting certain hay belonging to plaintiff. Defendant denied the allegation of the first and third causes of action, but admitted, in effect, that his chickens and turkeys had trespassed upon plaintiff's wheat stacks, but denied that the damage caused thereby exceeded the sum of two dollars, for which he offered plaintiff a judgment. Defendant also alleged that before the commencement of the action he tendered to plaintiff the sum of eight dollars in full payment of all claims set forth in the complaint, and that plaintiff refused to accept the same. The justice, at the conclusion of the trial, found that plaintiff had been damaged at the hands of defendant in the sum of eight dollars, but held that, since plaintiff refused to accept the tender made by defendant prior to the commencement of the action, defendant was entitled to costs and disbursements. Thereupon the justice taxed in defendant's favor costs to the amount of $12.81, and deducting therefrom plaintiff's damage of $8, judgment was rendered for the defendant for the balance, or $4.-

81. Whereupon plaintiff appealed to the district court upon questions of both law and fact.

At the trial in that court the jury awarded to plaintiff the sum of one dollar. Both parties thereafter gave notice of taxation of costs and disbursements. The clerk awarded the costs to plaintiff, but on appeal the district court held that, since plaintiff failed to recover in the district court a larger amount than was awarded him by the justice, defendant was entitled to costs and disbursements. Judgment was so entered and plaintiff appealed. The judgment must be affirmed.

Section 4351 provides that, where the plaintiff appeals from a justice judgment in his favor, and fails in the district court to recover a greater sum as damages than he recovered before the justice, defendant shall be entitled to costs and disbursements. Plaintiff's damages were assessed by the justice at eight dollars, and on the appeal he received the sum of one dollar only. This brings the case within the statute. The costs taxed in the justice court are not to be considered in determining whether plaintiff's recovery was greater or less in the district court. Nor is the question whether the justice erred in taxing costs in defendant's favor before the court. The appeal was upon questions of law and fact, thus removing the cause to the district court for trial de novo, and wholly eliminating all questions of error in the justice court proceedings. Finke v. Lukensmeyer, 51 Minn. 252, 53 N. W. 546.

Judgment affirmed.